IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| DORIS WALDEN, GUARDIAN AD LITEM FOR DED, A MINOR UNDER THE AGE OF FOURTEEN YEARS,<br><br>Petitioner,<br><br>v.<br><br>ALLENDALE COUNTY SCHOOL DISTRICT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  C/A No.: 1:12-cv-02344-JMC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER APPROVING MINOR SETTLEMENT

**THIS MATTER** came before me on the verified Petition of Doris Walden, as *Guardian ad Litem* of the minor DED (hereinafter "the minor") in the above-referenced action, praying for approval by this Court of an offer of settlement made by Defendants. At a hearing held before me on this date, it appeared that during the school year 2009-2010 the Plaintiff transferred back as a student in the Allendale County School District. DED suffers from multiple learning disabilities for which he has been evaluated numerous times and has been deemed a special needs child; that as a child with special needs, DED underwent testing and was evaluated to determine the degree and extent of his needs to most effectively offer him Free Appropriate Public Education (FAPE); that the purpose of the evaluations were necessary to enable him to participate in meaningful educational opportunities; that following the evaluations, Individualized Educational Program (IEP)'s were formulated and the Defendant was there after charged with the responsibility to carrying out those plans. Following the 2009-10 school year, DED's IEP, required the Defendant implement and carry out the specific requirements of the

1

Plan; that failure to carry out the specifics of the plan not only deprived DED of his educational opportunity but had the potential leading to both physical and mental harm; that during 2010, DED continued to become increasingly agitated and unable to control his emotional responses during school hours; that on May 12, 2011, it was determined by the South Carolina Department of Education that the Defendant had failed to implement DED IEP; that because the Defendant either failed or refused to implement DED's IEP and provide the required services, he was regularly subjected to physical restraint; that as a result of these multiple restrains and non-plan confrontations, the minor suffered delayed educational harm as well as physical and emotional injuries. While the Defendant admits that the incidents occurred, Defendant denies that the injuries suffered by the minor were the result of any negligence or recklessness on their part.

It appears that due consideration has been given to the advisability of accepting the proposed settlement offer of Twelve Thousand Five Hundred and 00/100 ($12,500.00) Dollars, and the Petitioner has recommended to the Court that the settlement as outlined in the Petition be approved.

Upon reading and carefully considering the verified Petition addressed to this Court, and upon seeing, observing, and interviewing the Petitioner and minor, I have concluded that the proposed settlement offer is fair and just, is in the best interest of the minor, and that the same should be approved.

Upon reading and carefully considering the Petition and interviewing the Petitioner, I further find that the attorney's fees are justified and fair under the present circumstances, and as such the amount of attorney's fees set forth in the Petition are approved. Additionally, I find that the costs associated with representation in this matter as set forth in the Petition are justified and fair, and are similarly approved.

Upon reading and carefully considering the Petition and interviewing the Petitioner, I further find that the amount payable to the Petitioner for the benefit of the minor as set forth in the Petition is justified and fair under the present circumstances and the net amount due to the Petitioner does not require that a conservator be appointed.

**IT IS THEREFORE ORDERED** that the settlement as set forth in the attached Petition is hereby approved and that upon the Defendant's delivery of the sum set forth in the Petition to the Petitioner, as Guardian ad Litem of the minor, and Peters, Murdaugh, Parker, Eltzroth & Detrick, P. A., as attorneys, the Petitioner is authorized and directed to execute a Release fully and completely discharging the Defendant and its insurer, and all other persons, firms or corporations whomsoever, of and from any and all claims, past present and future, known and unknown, which the said minor has, or may in the future be entitled to have, on account of the matters and things set forth in the Petition.

**IT IS ORDERED, ADJUDGED AND DECREED** that the settlement proposed herein be and hereby is approved and that upon execution of the Release and payment of the sum of Twelve Thousand Five Hundred and 00/100 ($12,500.00) Dollars from the Defendant, this proceeding shall be thereby settled and forever ended with prejudice, and the Defendant shall be fully, finally, and forever released of any and all further liability to the minor Petitioner arising out of the incident described herein above. The Petitioner is hereby authorized to consummate this settlement and execute the Release which shall be binding upon the Guardian Ad Litem and minor child.

```
                                    s/J. Michelle Childs
```
                                                          J. Michelle Childs
                                                          U.S. District Judge

Aiken, South Carolina
August   8th  , 2013